UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-86-R

PROGRESSIVE NORTHERN
INSURANCE COMPANY                                                                                      PLAINTIFF

v.

ILLYA STAPLES                                                                                                  DEFENDANT

MEMORANDUM OPINION

This matter is before the court upon Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. # 3). The Plaintiff has responded (Dkt. # 4). The matter is now ripe for adjudication. For the reasons that follow the motion to dismiss is **GRANTED.**

Progressive Northern Insurance Company ("Progressive") filed this declaratory judgment action for the court to determine whether Mr. Staples has underinsured motorist coverage for his motorcycle. The policy has a limit of $50,000 and Progressive asserts that this amount may be combined with a bad faith claim, which may exceed $25,001, to give this court jurisdiction. Mr. Staples has made two arguments in his motion to dismiss  First, there is no diversity jurisdiction because 28 U.S.C. § 1332(c)(1) applies. Second, the amount in controversy does not exceed $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a).

> The Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (explaining that the Declaratory Judgment Act is procedural only). The Act only provides courts with discretion to fashion a remedy. *See Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952). Thus, before invoking the Act, the court must have jurisdiction already. *See King v. Sloane*, 545 F.2d 7, 8 (6th Cir.1976).

*Heydon v. Mediaone of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). "In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

Mr. Staples argues that there is no diversity of citizenship because under 28 U.S.C. § 1332(c)(1) the insurer should be deemed a citizen of the same state as the insured. Liability insurers' declaratory judgment actions do not fall within the provisions of 28 U.S.C. 1332(c). *Aetna Cas. & Sur. Ins. Co. v. Greene*, 606 F.2d 123, 127 (6th Cir. 1979). Therefore, there is diversity of citizenship because Mr. Staples is a resident of Kentucky and Progressive is deemed to be a resident of Ohio.

Progressive cites *Klepper* for the proposition that "the Sixth Circuit allows claims to be aggregated to satisfy the jurisdictional amount." *Id*. at 341. While this is true, Progressive has not cited a single case where a court has allowed a plaintiff-insurer in a declaratory judgment action to aggregate the policy limit and a bad faith claim. *Klepper* was not a declaratory judgment action but was a case where the court allowed the plaintiff to aggregate compensatory and punitive damages. *Id.*

In *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003), the Eleventh Circuit Court of Appeals addressed a case of an insurer trying to aggregate a bad faith claim with a claim for the policy limit of $50,000:

> The employee dishonesty policy underlying this action only provides $50,000 in coverage, which does not satisfy the amount in controversy standing by itself. However, Federated argues that the value of its claim includes both the policy limits and the potential liability it faces under McKinnon's bad faith claim. But, McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad

2

>faith claim are indeterminate. *See Greenberg*, 134 F.3d at 1253 (explaining that a prayer for damages is indeterminate where the "complaint does not allege a specific amount of damages").

*Id.* at 808. The policy limits in this case are also $50,000, but unlike the defendant-insured in *Federated*, Mr. Staples has not counterclaimed for bad faith. Mr. Staples has not asserted a claim for bad faith in his state court action either. The bad faith claim is indeterminate because it has not been asserted in any action. Because Progressive has not cited one case where a court has allowed the aggregation of claims for the policy limit and bad faith for jurisdictional purposes and Mr. Staples has not even asserted a bad faith claim, the jurisdictional amount of $75,000 has not been met. Therefore, this case is dismissed.

## CONCLUSION

The Motion to Dismiss is **GRANTED**.